J-A02021-15

2015 PA Super 152

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALWASI YONG | |
| Appellant | No. 1972 EDA 2013 |

Appeal from the Judgment of Sentence June 12, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):   CP-51-CR-0002313-2012

BEFORE:  PANELLA, J., LAZARUS, J., and WECHT, J.

CONCURRING STATEMENT BY LAZARUS, J.:          **FILED JULY 16, 2015**

I respectfully concur.  In my opinion, we need not expound on the collective knowledge doctrine in the instant case where no other officer, involved in the narcotics' surveillance at 3202 Fairhill Street, had requested or authorized that Officer Gibson arrest Yong.  ***See Commonwealth v. Kenney***, 297 A.2d 794 (Pa. 1972) (warrantless arrest upheld where arresting officer relies upon instruction to arrest from another officer who possessed required knowledge supporting probable cause).  Accordingly, this case is resolved by determining whether Officer Gibson had probable cause to arrest Yong, or, simply, "whether the facts and circumstances within the knowledge of [Officer Gibson] at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that [Yong] has committed or is committing a crime."  ***Commonwealth v. Williams***, 2 A.3d 611, 616 (Pa. Super. 2010).

As the majority correctly recognizes, "there is nothing in the . . . record to suggest that . . . Officer Gibson received information, which, coupled with facts that he personally observed, provided probable cause to arrest Yong." Majority Opinion, at 12. Accordingly, the trial court erred in denying Yong's pretrial motion to suppress physical evidence uncovered as a result of his unlawful arrest and subsequent search of his person.